IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY COLE ERB,

                              Plaintiff,                          ORDER

     v.

                                                            23-cv-329-wmc

HONORABLE CRAIG THOMPSON,
Secretary of the Department of
Transportation, in his official capacity,

                              Defendant.

---

      Defendant Craig Thompson, the Secretary of the Wisconsin Department of Transportation, moved to dismiss plaintiff Jeffrey Cole Erb's sprawling, 92-page original complaint under Federal Rule of Civil Procedure 8 and 12(b). (Dkt. #7.) The court granted that motion in part, directing plaintiff to file an amended complaint that contains "a short and plain statement" of the court's jurisdiction, the essential facts, the claims, and his demand for relief as required by Rule 8(a). (Dkt. #14.) Defendant now moves to dismiss plaintiff's amended complaint (dkt. #15) for similarly violating Rule 8; alternatively, defendant requests a more definite statement of plaintiff's claims under Rule 12(e). (Dkt. #17.) For reasons explained below, that motion will also be granted, requiring plaintiff to provide a more definite statement.

      Under Rule 8, a complaint must be "a *short* and *plain* statement" establishing the court's jurisdiction and the claim with a demand for relief. Fed. R. Civ. P. 8(a) (emphasis added). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is needlessly prolix violates "the letter and the spirit of Rule 8(a)." *Vicom v. Harbridge Merchant Svcs., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (finding that plaintiff's 119-page "confusing, redundant, and seemingly interminable amended complaint violated the letter

and the spirit of Rule 8(a)"). Where a plaintiff has filed a complaint that fails to comport with Rule 8's pleading standard, or the meaning of a particular allegation is unclear, the defendant can move for a more definite statement under Rule 12(e) on the grounds that the "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 725 (7th Cir. 1986) ("[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course is not to move to dismiss but to move for a more definite statement.").

Plaintiff Erb, a Wisconsin resident who is licensed to practice law in Minnesota and represents himself, challenges the mandatory, "permanent" administrative revocation of his driver's license under Wis. Stat. § 343.31(1m)(b), following his sixth conviction for operating a motor vehicle while intoxicated.[1] Consisting of 205 numbered paragraphs, his original complaint was replete with disjointed, rambling legal argument that obscured his claims for relief. (*See* dkt. #1.) Plaintiff's amended complaint, which has eliminated 58 pages and 120 numbered paragraphs, alleges that the Wisconsin mandatory revocation statute violates the following:

1. Article 3, § 2, cl. 1 of the United States Constitution;
2. The Act of March 3, 1875, § 1, 18 Stat. 470, also known as the "Jurisdiction and Removal Act of 1875," codified at 28 U.S.C. § 1331(a), together with 42

---

[1] The mandatory revocation statute provides that the Department of Transportation "shall revoke the person's operating privilege permanently" upon receiving a record of (1) a *qualifying* conviction under Wis. Stat. §§ 940.09(1) or 940.25; or (2) a conviction, suspension, or revocation counted under § 343.307(1), which together with other records of the department, show the number of all convictions under §§ 940.09(1) or 940.25 in a person's lifetime, *plus* the total number of other convictions, suspensions, and revocations counted under § 343.307(1) equals 4 or more. Wis. Stat. § 343.31(1m)(b). Although the statute refers to the revocation as "permanent," it also provides conditions under which an offender may apply for reinstatement after ten years. Wis. Stat. § 343.31(1m)(b).

    U.S.C. § 1983; and

  3. The Due Process and Equal Protection Clauses found in Amendment XIV, § 1, cl. 3 & 4 of the United States Constitution

(Dkt. #15, ¶¶ 19-20, 80.)

  As with the original, however, plaintiff fails to offer a "simple, concise, and direct" statement of his claim for relief under each of these theories.  Instead, most of the amended complaint features objections to the previous dismissal order and argument based on legal authorities having no clear connection to plaintiff's apparent challenge to the constitutionality of the Wisconsin mandatory revocation statute under the Fourteenth Amendment.  Moreover, to the extent that plaintiff argues the statute is unconstitutional, both facially and as applied, his allegations appear internally inconsistent with his purported claims for relief.  (Dkt. #15, at ¶¶ 37-57, 69.)  Finally, because his allegations are not clear and concise, plaintiff has failed to comply with Rule 8(a) or the court's previous order.

  Plaintiff argues that his lengthy "speaking" complaint is justified because he requests a bench trial and will have no other "opportunity to present detailed arguments to the jury." (Dkt. #15, at ¶ 13.)  Because there is no jury in a bench trial, however, plaintiff's argument is misplaced.  Plaintiff also overlooks the fact that even before this case proceeds to a bench trial, which would necessarily include briefing, his complaint must satisfy the threshold requirement of stating a claim.  Regardless, the Supreme Court has clarified that Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).  Legal citations need not be included in a pleading, such as an amended complaint, and legal argument of the type made by plaintiff is inappropriate. *E.g., Stauffer v. Westmoreland Ob-Gyn Assoc., S.C.*, Case No. 00-C-1242, 2000 WL 33128493 at *1 (N.D. Ill. July 27, 2000) (striking a complaint that was "replete with

3

conclusions of law and argument" and stating that plaintiff "does not need to argue her entire case in her pleadings, and she should not do so").

Rather than bringing clarity, plaintiff's lengthy legal argument, which is more appropriate in a brief, has made the amended complaint unintelligible "by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). A district court has authority to dismiss a sprawling, confusing complaint such as the amended complaint filed by plaintiff. *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). Instead of striking or dismissing the amended complaint, however, the court will grant defendant's motion for a more definite statement under Rule 12(e), which may be used to require a plaintiff to lay out "specific, nonconclusory factual allegations" in support of a plausible claim, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998), which will enable the defendant to respond intelligently and the court to handle the litigation effectively. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

Accordingly, plaintiff *must* supplement his pleadings with a document containing a short, plain statement that clarifies his claims for relief under each of the legal theories set forth above as referenced in the amended complaint. (Dkt. #15, ¶¶ 19-20, 80.) That document, which shall be entitled "Plaintiff's More Definite Statement," must clearly list each specific cause of action or legal claim for relief. Under a heading for each cause of action listed by plaintiff, he must articulate in no more than *two* numbered paragraphs only those factual allegations which directly support that claim for relief. Plaintiff shall state as briefly as possible the facts showing that he is entitled to relief under each of the alleged legal theories, but *may not*

4

include legal argument. Further, plaintiff need not plead the legal elements of each claim, *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022), but he must offer more than just "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the entire document may not exceed *eight,* double-spaced pages in length. If plaintiff fails to comply by the deadline indicated below, this case will be dismissed under Fed. R. Civ. P. 41(b).

## ORDER

IT IS ORDERED that:

1) Defendant's alternative motion for a more definite statement (dkt. #17) is GRANTED.

2) Plaintiff may have until February 3, 2025, to file a more definite statement of his claims consistent with this order. If he does not, this case will be dismissed under Fed. R. Civ. P. 41(b).

3) After plaintiff files his more definite statement, defendant shall have 21 days to answer or file an appropriate responsive pleading.

4) All other deadlines in the preliminary pretrial conference order (dkt. #23) are STRUCK. If necessary, a new pretrial conference will be set after plaintiff has complied as directed and the defendant has filed a response.

Entered this 15th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge