IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY COLE ERB,

                         Plaintiff,                           OPINION AND ORDER

    v.

                                                            23-cv-329-wmc

HONORABLE CRAIG THOMPSON,
Secretary of the Department of
Transportation,

                         Defendant.

      Plaintiff Jeffrey Cole Erb, an attorney who is representing himself, has filed an amended complaint under 42 U.S.C. § 1983 (dkt. #15), claiming that the Wisconsin statute mandating revocation of a driver's license following a fourth conviction for operating while intoxicated, Wis. Stat. § 343.31(1m)(b) (the "Wisconsin Mandatory Revocation Statute"), violates his Fourteenth Amendment rights to equal protection, procedural due process, and substantive due process, both facially and as applied to him. Plaintiff subsequently filed a more definite statement ("MDS") expounding on his claims. (Dkt. #25.)

      In response, defendant Craig Thompson, who is sued in his official capacity as Secretary of the Wisconsin Department of Transportation, has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable constitutional claim (dkt. #27), to which plaintiff also filed a motion for leave to further amend his complaint to include an additional exhibit. (Dkt. #31.) For the reasons explained below, the court will grant defendant's motion to dismiss and plaintiff's latest motion to amend will be denied as moot.

ALLEGATIONS OF FACT[1]

On September 3, 2021, plaintiff Erb was convicted of operating a motor vehicle while intoxicated ("OWI") in violation of Wis. Stat. § 346.63(1). When he committed this offense, Erb was already on extended supervision from his fourth and fifth OWI offense. As a result, the Wisconsin Department of Transportation permanently revoked Erb's license to drive under the Mandatory Revocation Statute, which states in relevant part:

> Upon receiving a . . . conviction, suspension, or revocation counted under s. 343.307(1) that together with other records of the department show that the number . . . of other convictions, suspensions, and revocations counted under s. 343.307(1), equals 4 or more, the department shall revoke the person's operating privilege permanently. This paragraph does not apply if the most recent conviction, suspension, or revocation counted under this paragraph occurred more than 15 years after the next preceding conviction, suspension, or revocation counted under this paragraph. The person is not eligible for an occupational license under s. 343.10. After 10 years of the revocation period have elapsed, the person may apply for reinstatement under s. 343.38.

Wis. Stat. § 343.31(1m)(b).

Erb argues that Wis. Stat. § 343.31(1m)(b) is "unconstitutional on its face because it violates U.S. Const. amend. XIV § 1 cl. 3 (both procedural and substantive due process) and U.S. Const. amend[.] XIV, cl. 4 (equal protection) in connection with the initial permanent revocation of all affected individuals' right to drive an automobile." (Pl.'s MDS (dkt. #25) ¶ 4).) In particular, Erb argues that § 343.31(1m)(b) violates his fundamental right to hold a driver's license. Thus, he seeks declaratory relief, an injunction against

---

[1] Unless otherwise noted, the facts in this section are taken from the plaintiff's amended complaint and MDS. (Dkts. ##15, 25, respectively.)

2

defendant's enforcement of the Mandatory Revocation Statute, and the unconditional reinstatement of his driver's license.

OPINION

To survive defendant's Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead all the legal elements of each claim to survive such a motion. *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a plaintiff must offer more than just "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*. 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) ("allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion"). Finally, a plaintiff may plead himself out of court "by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

More specifically, to state a claim under 42 U.S.C. § 1983, a plaintiff must show that "(1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Defendant argues that plaintiff has failed to state a claim under § 1983 because he cannot establish a violation of his constitutional rights. The court agrees.

3

I. **Fourteenth Amendment Claims**

Erb has fallen well short of sufficiently pleading that Wis. Stat. § 343.31(1m)(b) is facially unconstitutional, which would have required him to "establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Accordingly, the court considers whether any of his more specific claims under the Fourteenth Amendment succeed even as applied to him.

A. **Equal Protection**

As applied to persons like himself with multiple convictions for OWI, plaintiff claims the Wisconsin Mandatory Revocation Statute violates the Fourteenth Amendment, which provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. There are three levels of scrutiny that apply when determining whether a law violates the Fourteenth Amendment Equal Protection Clause: strict scrutiny, intermediate scrutiny, and rational-basis review. *Hope v. Comm'r of Indiana Dep't of Corr.*, 9 F.4th 513, 529 (7th Cir. 2021). Courts apply strict scrutiny "only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Mass Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976) (per curiam). When the alleged unequal treatment is premised on a quasi-suspect classification, like gender, courts apply intermediate scrutiny. *Hope*, 9 F.4th at 529 (citing *St. Joan Antida High Sch. Inc. v. Milwaukee Pub. Sch. Dist.*, 919 F.3d 1003, 1008 n.3 (7th Cir. 2019)); *see also United States v. Skrmetti*, 605 U.S. 495, 510 (2025) (noting that "sex-based classifications" are subject to intermediate scrutiny, "under which the State must show that the 'classification serves

4

important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives,'" when considering a challenge under the Fourteenth Amendment Equal Protection Clause) (quoting *United States v. Virginia*, 518 U.S. 515, 533 (1996)).  In all other cases, courts default to rational-basis review.  *Hope*, 9 F.4th at 529.

While there is a fundamental right to travel among the states, *Saenz v. Roe*, 526 U.S. 489, 500 (1999), there is no fundamental right to drive a vehicle.  *Doe v. Edgar*, 721 F.2d 619, 622 (7th Cir. 1983).  Likewise, repeat OWI offenders do not constitute a suspect class.  *Id.*; *see also Knight v. State of Ariz.*, 39 F.3d 1187, 1994 WL 621187, at *1 (9th Cir. 1994) (unpublished) ("DWI/DUI inmates are not a suspect class").  Rather, that label has been "reserved for groups 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from majoritarian political process.'"  *Edgar*, 721 F.2d at 622 (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28 (1973)).  Plaintiff does not demonstrate that heightened scrutiny applies, and the Seventh Circuit has applied rational-basis review to a similar equal protection challenge to a mandatory revocation statute.  *Edgar*, 721 F.2d at 622.

Under the rational-basis standard, courts must uphold a statutory classification so long as there is "any reasonably conceivable state of facts that could provide a rational basis for the classification."  *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).  Thus, in *Edgar*, the Seventh Circuit upheld a law requiring the Illinois Secretary of State to revoke the driver's license of any offender with at least two convictions for driving under the

influence of alcohol. Specifically, the Seventh Circuit held that important policy reasons supported the revocation requirement given that drunk driving is related to a significant percentage of the nation's highway fatalities, and the challenged law was predicated on reducing recidivism and public safety. *Id*. at 622-23. *Id*. at 623. To the extent that the Wisconsin Mandatory Revocation Statute similarly rests on the rational basis of reducing recidivism among repeat OWI offenders and promoting public safety more generally, it, too, easily satisfies rational-basis review.

  Nevertheless, plaintiff argues that intermediate scrutiny applies to his claims. In support, he primarily cites a case brought under the Second Amendment. (Dkt. #29, at 11-12) (citing *Nat'l Rifle Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 700 F.3d 185, 194–95 (5th Cir. 2012)). This reasoning fails because the level of scrutiny for analyzing Second Amendment claims differs markedly from the standard that applies to Fourteenth Amendment claims. *See District of Columbia v. Heller*, 554 U.S. 570, 628-29 n.27 (2008) (holding that rational basis review cannot be used to evaluate the extent to which a legislature may regulate a specific, enumerated right such as those protected by the first ten amendments like the right to bear arms). Thus, plaintiff does not show that intermediate scrutiny applies.[2]

---

[2] In his Amended Complaint and MDS, plaintiff also cites *Thomas v. Haslam*, 303 F. Supp. 3d 585 (M.D. Tenn. 2018), in support of his claim that mandatory revocation statutes may violate equal protection and due process when subject to heightened scrutiny. However, the *Thomas* case is similarly distinguishable because it involved a statute authorizing the revocation of driver's licenses of indigent individuals, whose rights are afforded "specific solicitude" in the criminal justice system. *Id*. at 613 (citing *Griffin v. Illinois*, 351 U.S. 12 (1956); *Williams v. Illinois*, 399 U.S. 235 (1970); *Tate v. Short*, 401 U.S. 395 (1971); *Mayer v. City of Chicago*, 404 U.S. 189 (1971); and *Bearden v. Georgia*, 4651 U.S. 660 (1983)).

Nor has plaintiff otherwise stated a claim under the Equal Protection Clause. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)), which protects against intentional and arbitrary discrimination. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). To establish an equal protection claim under rational basis scrutiny, a plaintiff must prove that: "(1) the state actor intentionally treated plaintiff[] differently from others similarly situated; (2) this difference in treatment was caused by the plaintiff['s] membership in the class to which [he] belong[s]; and (3) this different treatment was not rationally related to a legitimate state interest." *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). To be similarly situated, "comparators must be prima facie identical in all relevant respects." *Id*. at 945 (citation and internal quotation omitted).

Here, plaintiff's challenge fails at the threshold requirement, having wholly failed to establish that the Wisconsin Mandatory Revocation Statute arbitrarily treats one group of individuals differently than other, similarly situated individuals. Plaintiff claims that repeat OWI offenders are similarly situated to people convicted of other serious traffic offenses -- such as those intentionally fleeing a traffic officer in violation of Wis. Stat. § 343.31(3)(d) or causing a homicide by intoxicated use of a vehicle in violation of Wis. Stat. § 940.09 -- since all of these offenders also "create a risk to public safety because of unlawful driving conduct." (Pl.'s MDS (dkt. #25) ¶ 19.) Plaintiff's argument fails because repeat OWI offenders *are not identical in relevant respect* to the other offenders mentioned. As the Seventh Circuit has observed when rejecting a similar argument, the judgment of

7

repeat drunk drivers is regularly impaired while operating a motor vehicle, whereas sober drivers who flee an officer or those having a drink before driving and are involved in a homicide, for example, commit a singular error of judgment but are not an ongoing threat when operating a vehicle. *Edgar*, 721 F.2d at 622.

Plaintiff also argues that the Mandatory Revocation Statute is irrational, because an "ignition interlock is more effective at proactively and effectively protecting safety on public roadways than driver's license revocation." (Pl.'s MDS (dkt. #25) ¶ 14).) This argument is also unpersuasive, because an "equal protection [claim] is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Commc'ns,* 508 U.S. at 313. Said another way, having failed to show that the Wisconsin Mandatory Revocation Statute is not rationally related to legitimate state interests of reducing recidivism and protecting public safety from repeat DWI offenders, plaintiff's equal protection claim cannot succeed simply because other approaches may better address these interests.

B. **Procedural due process**

Plaintiff also claims that the Wisconsin Mandatory Revocation Statute violates his right to procedural due process guaranteed by the Fourteenth Amendment because he was afforded no further process before his driver's license was revoked after being convicted criminally of his sixth OWI offense. To establish a procedural due process claim, a plaintiff must prove: (1) he suffered a deprivation of a cognizable property or liberty interest; and (2) such deprivation occurred without due process. *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003). While an individual holds a property interest in his driver's license, *see*

8

*Bell v. Burson*, 402 U.S. 535, 539 (1971), once he loses his license because a valid criminal conviction and exhausts all administrative remedies, his property interest in that license terminates. *Edgar*, 721 F.2d at 624; *see also Dixon v. Love*, 431 U.S. 105, 112 (1977). Further, individuals do not have a cognizable liberty interest in a driver's license for the same reasons they do not have a fundamental right to drive as discussed above.

Moreover, plaintiff was actually afforded the highest form of due process recognized by the U.S. Constitution when he was given the opportunity to contest his sixth OWI charge under a presumption of innocence only overcome by the government proving his guilt beyond a reasonable doubt to the satisfaction of a jury of his peers. Choosing instead to plead guilty to his sixth OWI conviction knowingly and voluntarily, the Mandatory Revocation Statute unambiguously *required* defendant to revoke plaintiff's driver's license. A statutory consequence resulting from a conviction obtained after due process was afforded in criminal proceedings cannot support a procedural due process claim. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003).

C. **Substantive due process**

Plaintiff further claims that the Wisconsin Mandatory Revocation Statute violates his right to substantive due process guaranteed by the Fourteenth Amendment, arguing that it violates a "fundamental right" to a driver's license and because the statute is "counterproductive to Wisconsin's public safety interests." (Pl.'s MDS (dkt. #25) ¶ 14).) This is plaintiff's least persuasive claim of all. Certainly, the Supreme Court has repeatedly recognized that the touchstone of substantive due process is the protection of the individual against arbitrary action of government. *County of Sacramento v. Lewis*, 523 U.S.

9

833, 845-46 (1998). However, substantive due process protects against governmental actors who engage in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *Id.* at 846–47 (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). Thus, to allege a violation of the right to substantive due process, a plaintiff must identify conduct that "shocks the conscience" because it is "unjustifiable by any governmental interest." *Remer v. Burlington Area Sch. Dist.*, 286 F.3d 1007, 1013 (7th Cir. 2002).

For reasons already discussed, the Wisconsin Mandatory Revocation Statute hardly shocks the conscience. As for plaintiff's main argument that ignition interlock systems are "more effective at proactively and effectively protecting safety on public roadways than driver's license revocation," making the Mandatory Revocation Statute counterproductive to public safety (Pl.'s MDS (dkt. #25) ¶ 14)), the court has already concluded that the statute rationally rests on the justifiable government interests of reducing recidivism among repeat OWI offenders and enhancing public safety by removing their ability to drive. Far from "shocking the conscience," Wisconsin now has among the most lenient state laws regarding driver license revocation for repeat OWIs, most of which would have revoked plaintiff's drivers' license before reaching his fourth conviction for that offense.[3] As a result, plaintiff fails to demonstrate that his driver's license was revoked in violation of the

---

[3] *See* Noah Wolfenstein, Comment, *The First Offense is Just a Ticket? How Culture and Lobbying Shaped Wisconsin's Drunk Driving Law, and What To Do About It*, 106 Marq. L. Rev. 451, 452 (2022) ("The Badger State has one of the least strict drunk driving1 laws in the United States[.]"); *see also* State-by-State Analysis of Laws Dealing With Driving Under the Influence, U.S. Dep't of Transportation, National Highway Traffic Safety Admin. (Dec. 2009), available at: https://www.nhtsa.go (last visited Nov. 7, 2025).

Fourteenth Amendment right to substantive due process. Because plaintiff has failed to otherwise articulate a valid claim, defendant's motion to dismiss will be granted.

## II. Plaintiff's Motion to Amend

Finally, plaintiff has filed a motion to amend his complaint to include "evidence" in the form of a news article, which discusses stricter laws enacted recently in Minnesota after a repeat OWI offender caused a fatal car crash while drunk driving, killing two people and injuring nine others. (Dkt. #31.) The Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without offering an opportunity to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Nevertheless, the liberal pleading standard for pro se litigants does not apply where, as here, the litigant is a licensed attorney as is true in this case. *Spence v. United States Dep't of Veterans Affairs*, 109 F.4th 531, 538 & n.1 (D.C. Cir. 2024) (citations omitted); *see also Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of pro se applicants gently, but a pro se lawyer is entitled to no special consideration.").

Moreover, plaintiff has already had an opportunity to amend his complaint, as well as provided a more definite statement of his claims. To the extent that plaintiff presents the news article as an exhibit to his complaint, it also does not support his claims or alter the result here. Therefore, plaintiff's motion to amend will be denied as futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile."). Because plaintiff does not propose facts showing that he has a viable claim, the court will dismiss this case without granting further leave to amend.

ORDER

IT IS ORDERED that:

1) Defendant Craig Thompson's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (dkt. #27) is GRANTED and this case is DISMISSED with prejudice for failure to state a claim.

2) Plaintiff Jeffrey Erb's motion to amend (dkt. #31) is DENIED.

3) The Clerk's Office is directed to close this case.

Entered this 7th day of November, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge